UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ANTONIO ARAGON LOPEZ,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, SENIOR WARDEN, OTAY MESA DETENTION CENTER; PATRICK DIVVER, DIRECTOR, SAN DIEGO FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD LYONS, ACTING DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; MARKWAYNE MULLIN, SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY; AND TODD BLANCHE, ACTING U.S. ATTORNEY GENERAL, IN THEIR OFFICIAL CAPACITIES,<br><br>Respondents. | Case No.:  3:26-cv-02293-LEK-GC<br><br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner Carlos Antonio Aragon Lopez's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"), filed on April 11, 2026. [Dkt. no. 1.] Respondents Christopher LaRose, Senior Warden, Otay Mesa Detention Center

("OMDC"); Patrick Divver, Director, San Diego Field Office, United States Immigration and Customs Enforcement ("ICE"); Todd Lyons, Acting Director, ICE; Markwayne Mullin, Secretary of the United States Department of Homeland Security ("DHS"); and Todd Blanche, Acting Attorney General of the United States; all in their official capacities ("Respondents"), filed their response to the Petition ("Response") on April 22, 2026. [Dkt. no. 7.] Petitioner filed a reply on April 28, 2026. [Dkt. no. 8.]

The Petition is granted in part and denied in part for the reasons set forth below.

## BACKGROUND

Petitioner is a citizen and national of El Salvador who entered the United States on October 10, 2013. See Petition at ¶¶ 13, 19. Petitioner was under the age of eighteen when he entered the United States. See id. at ¶ 2. On October 17, 2013, Petitioner was apprehended by DHS. [Id. at ¶ 20.] The United States Department of Health and Human Services Office of Refugee Resettlement ("ORR") released Petitioner from its custody on November 23, 2013. [Id. at ¶ 23.] Petitioner lived with family members in Colorado between 2013 and 2020. See id. at ¶¶ 23-24. Petitioner asserts that his time living in Colorado was "precarious" and that he sometimes lived in shelters or with friends. See id. at ¶ 25. Because of this instability, Petitioner states that he had no knowledge of "an immigration court hearing scheduled at the Denver Immigration Court for May 22, 2018." [Id.] Petitioner failed to appear at the May 22, 2018 immigration court hearing and, accordingly, was ordered removed from the United States *in abstentia*. See id.

Petitioner moved to Massachusetts in 2020. [Id. at ¶ 24.] In September 2025, Petitioner was again apprehended by DHS. See id. at ¶ 26. Upon Petitioner's apprehension, DHS detained Petitioner and transferred him to the OMDC in San Diego, California. [Id. at ¶¶ 2, 26.] Petitioner is currently detained at the OMDC. [Id. at ¶ 26.]

3:26-cv-02293-LEK-GC

On September 26, 2025, Petitioner filed a motion requesting that the immigration court reopen his removal proceedings. See id. at ¶ 27. The immigration court granted Petitioner's request, finding that Petitioner "established a material change in country conditions . . . that warrant a reopening of his proceedings." See id., Exh. 6 (Order of the Immigration Judge, dated 10/23/25) at PageID.29 (citing Immigration and Nationality Act § 240(c)(7)(C)(ii)). On December 16, 2025, Petitioner filed an application for asylum and other relief with the immigration court. See Petition at ¶ 28. The application remains pending. See id.

Petitioner filed a request for a bond hearing before the immigration court on February 27, 2026. See id. at ¶ 29. On March 12, 2026, the immigration court denied Petitioner's request for a change in custody status on the ground that it "lack[ed] jurisdiction to grant a bond." [Id., Exh. 7 (Order of the Immigration Judge, dated 3/12/26) at PageID.31 (citing Matter of Q. Li, 29 I. & N. Dec. 66 (B.I.A. 2025)).] Petitioner argues that the immigration court erred in denying his request for a bond hearing. See Petition at ¶ 43.

Petitioner asks the Court to: 1) assume jurisdiction over this matter; 2) order Respondents to show cause why the Petition should not be granted; 3) order that Petitioner be released while the Petition is pending; 4) issue a declaratory judgment that Petitioner's detention without a bond hearing is unlawful; 5) issue a writ of habeas corpus ordering Respondents to either release the Petitioner immediately, or, in the alternative, schedule a bond hearing before the immigration court; 6) award Petitioner attorney's fees and costs; and 7) order any other appropriate relief. See id. at pgs. 14-15.

## STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to Title 28 United States Code Section 2241. See 28 U.S.C. § 2241(a); Zavala v. Ives, 785 F.3d 367, 370 n.3 (9th Cir. 2015). The sole judicial

3

body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. See 8 U.S.C. § 1252(a)(1), (5); see also Alvarez–Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act of 2005, Pub. L. No. 09-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process – for example, a claim of indefinite detention – federal habeas corpus jurisdiction remains in the district court. Alvarez v. Sessions, 338 F. Supp. 3d 1042, 1047-48 (N.D. Cal. 2018) (citations omitted); see also Nadarajah v. Gonzales, 443 F.3d 1069, 1076 (9th Cir. 2006).[1]

## DISCUSSION

Respondents state "that Petitioner is subject to mandatory detention under [8 U.S.C.] § 1225(b)(2)." [Response at 2.] Respondents, however, "acknowledge[] that this Court, and Courts in this District, have repeatedly reached the opposite conclusion under the same and/or similar facts." [Id. (collecting cases).] Respondents, therefore, "do[] not oppose the petition and defer[] to the Court on the appropriate relief." [Id.]

District courts have granted petitions filed by similarly-situated petitioners. See, e.g., Perez-Mendez v. Warden, Cal. City Corr. Ctr., No. 2:26-cv-01272-DAD-AC, 2026 WL 947263 (E.D. Cal. Apr. 8, 2026). In that case, the district court found that:

> If petitioner entered the United States as an unaccompanied juvenile, he would be covered by the Trafficking Victims Protection Reauthorization Act ("TVPRA"), which does not require mandatory detention, but instead requires, "that the Secretary of Homeland Security consider the 'least restrictive placement' available for those who turn 18 and are transferred to its custody, and consider alternatives to detention." Guaman-Pinto v. Achambeault, et al., No. 26-cv-01716-JES-BLM, 2026 WL 849302, at *2 (S.D. Cal. Mar. 27, 2026) (citing 8 U.S.C. § 1232(c)(1)). A person who entered the United States and is determined to be an unaccompanied juvenile

---

[1] Nadarajah was abrogated on other grounds by Jennings v. Rodriguez, 583 U.S. 281 (2018), as recognized by Esquivel-Ipina v. LaRose, 812 F. Supp. 3d 1073, 1077 (S.D. Cal. 2025).

is not subject to mandatory detention pursuant to § 1225(b)(2)(A). See Cornejo v. Andrews, No. 1:25-cv-02062-JLT-HBK, 2026 WL 237748, at *5-7 (E.D. Cal. Jan. 29, 2026) (finding the petitioner was not subject to mandatory detention under § 1225(b)(2)(A) when he was previously designated as an "unaccompanied alien child" pursuant to § 1232(b)(3)).

Id. at *2. The Court incorporates the reasoning in Perez-Mendez and applies that analysis here.

Petitioner entered the United States before his eighteenth birthday and was classified as an unaccompanied alien child ("UAC") when he was apprehended by federal immigration officers. See Petition at ¶ 3. Thus, from the moment that Petitioner was classified as a UAC until he was ordered removed, DHS's authority to detain Petitioner fell under Title 8 United States Code Section 1226(a). See Perez-Mendez, 2026 WL 947263, at *2. Petitioner's final removal order, however, was vacated once the immigration court reopened his removal proceedings. See Petition at ¶ 48; see also Gurdzhyan v. Bondi, Case No. 5:25-cv-03073-RGK-KES, 2025 WL 3692139, at *3 (C.D. Cal. Dec. 15, 2025) ("when an immigration judge reopens a case, the existing removal order is vacated" (citing Nken v. Holder, 556 U.S. 418, 429 n.1 (2009); Bonilla v. Lynch, 840 F.3d 575 (9th Cir. 2016)). Respondents have not argued that Petitioner may be detained pursuant to any other detention authority other than Section 1225. See Response at 2.

Accordingly, the Court finds that the discretionary detention procedures of Section 1226(a) currently govern Petitioner's detention. The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy. See E.A. T.-B. v. Wamsley, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty." (citation omitted)); Jorge

3:26-cv-02293-LEK-GC

M.F. v. Jennings, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"); Domingo v. Kaiser, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention." (citation omitted)).

Petitioner has requested attorney's fees and costs in this action pursuant to the Equal Access to Justice Act ("EAJA") and "any other basis justified under law." [Petition at pg. 15.] The EAJA provides in part:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

The Court will consider an application requesting reasonable attorney's fees and costs under the EAJA that is filed within thirty days of the judgment. The Court, therefore, denies Petitioner's request for attorney's fees and costs without prejudice.

## **CONCLUSION**

For the foregoing reasons, Petitioner Carlos Antonio Aragon Lopez's Petition for Writ of Habeas Corpus, filed April 11, 2026, is GRANTED IN PART AND DENIED IN PART.

3:26-cv-02293-LEK-GC

The Petition is GRANTED insofar as Respondents are ORDERED to release Petitioner immediately. Respondents are ENJOINED and RESTRAINED from re-detaining Petitioner unless Respondents demonstrate, by clear and convincing evidence at a pre-deprivation hearing before a neutral decisionmaker, that Petitioner presents a flight risk or danger to the community such that their physical custody is legally justified. The parties are ORDERED to file a Joint Status Report by **May 21, 2026**, confirming that Petitioner has been released.

The Petition is DENIED to the extent that it requests an award of attorney's fees and costs based on the Petition alone. The denial is WITHOUT PREJUDICE to the filing of an application requesting reasonable attorney's fees and costs under the EAJA that is filed within thirty days of the judgment. Petitioner's application must include attorney billing records and documentation of costs incurred. Respondents are ORDERED to file any opposition to the application within fourteen days after the application is filed.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 11, 2026



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

7

3:26-cv-02293-LEK-GC